IN RE the MARRIAGE OF: Cynthia Adele MILLER,
Petitioner,

v.

Donald Robert MILLER, Respondent-Respondent,

STATE of Wisconsin, Appellant.

Court of Appeals

*No. 91-2788. Submitted on briefs June 23, 1992.—Decided
September 9, 1992.*

(Also reported in 491 N.W.2d 104.)

On behalf of appellant, the cause was submitted on the briefs of *Robert H. Owen, Jr.,* of Middleton.

On behalf of respondent-respondent, the cause was submitted on the brief of *David B. Deda* of *Slaby, Deda, Marshall & Reinhard* of Phillips.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J. The state appeals a percentage of income child support order excluding from the calculation of payor Donald Miller's income the earnings of his present wife, Brenda Miller, as well as certain business expenses. Miller was ordered to pay 29% of his adjusted gross income for support. The trial court treated the Miller family restaurant as a legitimate partnership and Brenda's earnings as the equivalent of an otherwise inevitable expense were someone hired to perform her duties. The state concedes that it erroneously viewed Brenda as a dependent member of Donald's household by seeking to include her income in the calculation of Donald's gross income under Wisconsin's Child Support Percentage of Income Standard. The state argues, however, that (1) the Wisconsin Marital Property Act (WMPA) con-

templates including Brenda's income as marital property available to pay Donald's child support; (2) permitting Donald to treat Brenda as a partner invites fraud and abuse; and (3) the trial court erroneously took judicial notice of the value of Brenda's services.

We conclude that the WMPA is inapplicable, and that the trial court implicitly found that the business arrangement between Donald and Brenda involved neither fraud nor shirking of support. This finding is supported by sufficient credible evidence. We therefore affirm the exclusion of Brenda's earnings as a proper exercise of discretion. Further, the trial court's treatment of depreciation and business expenses was fair and reflected the parties' total economic circumstances. We therefore also affirm the order in that respect.

Donald and Cynthia Miller's 1987 divorce judgment incorporated a stipulated amount for maintenance and child support and contemplated a later adjustment. The Price County Child Support Agency filed a motion in 1991 at Cynthia's request to modify maintenance, and Donald countered with a motion to reduce child support. Based on Cynthia's inability to obtain her college degree in registered nursing on schedule, the court extended maintenance for a short time to permit her to graduate. The court also increased child support, but in an amount unsatisfactory to Cynthia. Only the child support ruling is appealed.

Donald owned the Phillips Cafe as a sole proprietorship prior to his remarriage. The trial court found that Donald and his present wife, Brenda, have since operated the business as a de facto partnership. The undisputed testimony shows that there was little or no equity in the business prior to Donald's remarriage. Brenda is jointly liable for an $82,000 mortgage securing a loan to expand the business. He and Brenda share equally the

duties of the operation as well as the expenses and income for federal income tax purposes. According to Schedule C of the Millers' 1990 federal tax return, Donald and Brenda each earned a net profit of $25,982.90 from the business. The Millers testified that each of them works about seventy hours per week managing the restaurant, Brenda spends an additional ten hours per week keeping the books and that they take only one week's vacation during the year.

■ The state concedes that the number of hours worked are not in dispute. Donald testified that if Brenda worked fewer hours, he would have to hire replacement staff and profits would be substantially lower. The trial court rendered its decision in a lengthy and thoughtful oral decision from the bench. It expressed no doubt as to the credibility of the Millers' testimony. Where there are no formal findings of fact, this court may affirm the trial court if the decision is clearly supported by a preponderance of the evidence. *State v. Williams,* 104 Wis. 2d 15, 22, 310 N.W.2d 601, 605 (1981).

The trial court concluded that there was a change in circumstances following the original divorce judgment and increased child support. In 1992 and thereafter, Donald must pay 29% of his reported income for support. The order applies, however, only to Donald's individual income and does not include Brenda's income from the business.

The state concedes in its reply brief that it erred by seeking to apply the provisions of Wis. Admin. Code § HSS 80.02(13) so as to include Brenda as a dependent household member for purposes of calculating Donald's

income.[1] The state contends, however, that Brenda's income should be attributed to Donald pursuant to the WMPA as well as for reasons of public policy.

██
Contrary to the state's argument, sec. 766.55(2)(c)1, Stats., does not mandate the use of Brenda's income for payment of Donald's child support. The WMPA was not intended to alter divorce law. *Abitz v. Abitz,* 155 Wis. 2d 161, 176, 455 N.W.2d 609, 615 (1990). *Abitz* confirms that a nonliable spouse's income cannot be used to "satisfy" a prior child support obligation. *Id.* at 166, 455 N.W.2d at 611. The nonliable spouse's income, however, is relevant to determine the liable spouse's ability to pay support. *Id.* at 172–73, 455 N.W.2d at 614. *Abitz* holds that when the trial court revises a child support order, a paying parent's gross income is determined as if he or she is still single. *Id.* at 181–82, 455 N.W.2d at 618. The nonliable spouse's income is relevant because sec. 767.32(1), Stats., permits the circuit court to take into consideration the total economic circumstances in modification of child support. *Abitz,* 155 Wis. 2d at 182, 455 N.W.2d at 618.[2]

---

[1]Section HSS 80.02(13) provides:

 "Gross income adjusted for child support" means gross income adjusted by adding wages paid to dependent household members, the business assets depreciation allowance under 26 USC 179 and the excess of accelerated depreciation as determined under 26 USC 167, and 26 USC 168 over straight-line depreciation allowable under 26 USC 167 and subtracting public assistance and child and spousal support received from previous marriages.

The parties now agree that Brenda is not a "dependent household member" as defined in § HSS 80.02(9).

[2]Section 767.32(1) provides in part:

After a judgment providing for child support . . . the court may, from time to time . . . revise and alter such judgment . . . .. Any change in child support because of alleged change in circumstances shall take

The state argues further, however, that Donald essentially gifted one-half of his business to Brenda, condonation of which invites abuse. It hypothesizes that while it may not have occurred here, parents similarly situated could dispose of substantial assets for the purpose of evading child support. We need not deal with abstractions in deciding the present appeal. There is no evidence that Donald sought to reduce his income or avoid child support. Brenda has a genuine stake in the business as a mortgagor, and she is credited with earnings of $25,982.90 in return for her business risk and her labor essentially on an equal basis with Donald.

█

The state suggests that the circuit court erroneously took judicial notice of the cost of replacing Brenda in the work place. We disagree. Donald testified that he and Brenda co-managed the restaurant, that Brenda was in charge of the service area and that he was in charge of the kitchen. In addition, Brenda served as the business bookkeeper. According to the uncontested evidence, Brenda works an eighty-hour week for fifty-one weeks a year. The trial court was entitled to draw an inference that the cost of replacement for a restaurant manager and bookkeeper involving exceptionally long hours would decrease the net profits to Donald as reflected in the tax return. The trial court properly exercised its discretion by excluding Brenda's income from the child support calculation.

█

Finally, the state challenges the trial court's exclusion from Donald's income the costs of certain depreciable business assets that he treated as expenses on his

into consideration each parent's earning capacity and the total economic circumstances.

federal tax return pursuant to 26 U.S.C. 179.[3] Donald concedes that Wis. Admin. Code § HSS 80.02(13) provides differently. *See* note 1. He argues, however, that the impact was of little effect because less than $4,000 was involved, and that the circuit court *included* in Donald's income other depreciation that § HSS 80.02 allows as a deduction from income. The state, while not challenging Donald's interpretation of the code, responds that Donald failed to appeal that part of the court's ruling adverse to him and therefore cannot fairly make the argument. We disagree. The trial court is to consider the total economic circumstances of the parties in order to reach a fair result in the modification of child support. *Abitz,* 155 Wis. 2d at 182, 455 N.W.2d at 618. We conclude that is exactly what the court did here.

*By the Court.*—Order affirmed.

[3]Section 179 of the Internal Revenue Code provides in part:

**Election to expense certain depreciable business assets**
 (a) **Treatment as expenses.**—A taxpayer may elect to treat the cost of any section 179 property as an expense which is not chargeable to capital account. Any cost so treated shall be allowed as a deduction for the taxable year in which the section 179 property is placed in service.

26 U.S.C.A. § 179 (1988).