WANDA M. KRUMWIEDE, APPELLEE, V.
WILHELM F. KRUMWIEDE, APPELLANT.
606 N.W.2d 778

Filed February 11, 2000.    No. S-98-1102.

David A. Domina and Nora M. Kane, of Domina Law, P.C., for appellant.

Dennis J. Moynihan, of Johnson and Mock, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This is an appeal from a decree of dissolution of marriage entered in the district court for Burt County, Nebraska. Appellant Wilhelm F. Krumwiede argues that his criminal defense expenses should have been treated as a marital debt and that appellee Wanda M. Krumwiede should not have been awarded interest on her deferred property settlement. Wilhelm filed a petition to bypass the Nebraska Court of Appeals, which we granted. We do not reach the issues raised because implicit within the dissolution statutes is the requirement that there be proof that both parties are alive at the time of the dissolution. There being a lack of such proof, we vacate the decree of dissolution and dismiss this action.

## BACKGROUND

Wilhelm and Wanda were married on March 21, 1969. They have three children, all of whom have reached the age of majority. On December 1, 1994, Wanda filed a verified petition for dissolution of marriage, alleging that the marriage between Wilhelm and herself was irretrievably broken, that all reasonable efforts to reconcile the marriage have been made to no avail, and that any further efforts would likely be futile. In Wilhelm's responsive pleading, he denied Wanda's allegation that the marriage was irretrievably broken. The parties have been separated since the commencement of the dissolution of marriage action.

In June 1995, Wanda disappeared and has been unaccounted for since that time. Sometime after Wanda disappeared, Wilhelm was charged with the first degree murder of Wanda. Wilhelm borrowed $16,878.15 from the estate of his mother, and he used $41,213.61 out of Wilhelm and Wanda's Piper Jaffray account to help pay for the attorney fees and costs involved with the criminal proceeding. The proceeding against Wilhelm resulted in a mistrial. After a transfer of venue, the case was retried, and Wilhelm was acquitted. After these expenditures and at the time of the dissolution hearing, Wilhelm still owed his attorney $69,934.59.

On April 20, 1998, a hearing for the dissolution of the marriage between Wilhelm and Wanda was held. Wanda's attorney, Wilhelm, and Wilhelm's attorney were present for the hearing. Wanda did not appear. Wilhelm was the only witness that testified. Wilhelm testified that he has not had contact with Wanda since she disappeared in 1995 and does not know of her whereabouts. Wilhelm refused to give an opinion as to whether the marriage between himself and Wanda was irretrievably broken. The only other evidence presented at the hearing was Wanda's verified petition; four affidavits, which were executed 3 years prior to the hearing by persons who knew Wanda, stating opinions about the status of the parties' marriage; and three exhibits that went to the issue of property division.

The trial court found that the marriage of Wilhelm and Wanda was irretrievably broken despite reasonable efforts at reconciliation which had failed, that there was no reasonable possibility that the marriage would be reconciled, and that the marriage should be dissolved. The trial court found that Wilhelm's criminal defense expenses were his alone and were not a marital debt subject to division in the divorce proceeding. In dividing the marital property, the trial court found that Wilhelm and Wanda's residence and a Quonset were Wilhelm's separate property. Wilhelm was awarded all of the marital property and was also ordered to assume all debts of the parties, with the exception that each party was to be responsible for all debts incurred since the date of their separation. The trial court awarded Wanda ownership of all personal effects whether currently in her possession or in the possession of her children or her siblings. Wanda was

also awarded a property settlement of $135,338.01, which was to be paid in installments over a 10-year period with interest at 6.375 percent per annum.

## ASSIGNMENTS OF ERROR

Wilhelm contends, restated, that the trial court erred in finding that his criminal defense expenses were not marital debts subject to division in the divorce proceedings and that the trial court erred in awarding postjudgment interest to Wanda on her deferred property settlement.

## SCOPE OF REVIEW

■ Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *Hajenga v. Hajenga*, 257 Neb. 841, 601 N.W.2d 528 (1999); *State v. Paul*, 256 Neb. 669, 592 N.W.2d 148 (1999).

## ANALYSIS

■ Wilhelm has not assigned or argued that the trial court erred in dissolving the marriage of Wilhelm and Wanda. Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Hajenga v. Hajenga, supra*; *State v. Paul, supra*.

■ Implicit within the dissolution statutes is the requirement that there be proof that both parties are alive at the time of the dissolution. Simply put, before a marriage can be dissolved, both parties must be alive. In the instant case, Wilhelm was acquitted of the murder of Wanda. Wanda has not been seen or heard from for over 4 years. Under the facts of this case, we conclude from our de novo review that there is no proof Wanda was alive at the time of the dissolution, and accordingly, we vacate the decree of dissolution and dismiss this action.

VACATED AND DISMISSED.