Helen J. Gammel, appellee, v.
Thomas C. Gammel, appellant.
612 N.W. 2d 207

Filed June 16, 2000.   No. S-99-307.

Christopher A. Vacanti, of Cohen, Vacanti & Higgins, for appellant.

Daniel A. Smith, of Smith Law Office, for appellee.

Hendry, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Miller-Lerman, J.

## NATURE OF CASE

Helen J. Gammel filed an application to modify the child support being paid by Thomas C. Gammel for the minor children of the parties. The district court for Burt County entered an order increasing Thomas' monthly support obligation. Thomas appeals the increased child support. Thomas claims that the district court erred in calculating the amount of his child support obligation when the district court added back to his income amounts Thomas had deducted pursuant to I.R.C. § 179 (1994 & Supp. IV 1998) (Section 179). The district court reasoned that such deductions were "depreciation" pursuant to paragraph D of

the Nebraska Child Support Guidelines. We agree with the district court and, accordingly, affirm.

## STATEMENT OF FACTS

Helen and Thomas were married October 19, 1972, in Vermillion, South Dakota. They are the parents of five sons born June 4, 1973; February 9, 1975; January 28, 1980; January 27, 1985; and November 21, 1986. Their marriage was dissolved by a decree entered in the district court of Burt County on April 7, 1992. The decree provided that Helen would have custody of the parties' minor children, and a nunc pro tunc order entered April 6, 1993, provided that Thomas would pay monthly child support of $875 for four children, $776 for three children, $610 for two children, and $390 for one child. The decree did not address which parent could claim the dependent tax exemptions for the children.

On April 16, 1998, Helen filed an application for modification of the decree. Her application requested, among other things, that Thomas' child support obligation be increased. Thomas answered and filed a cross-application requesting, among other things, that he be entitled to claim the children as dependents for tax exemption purposes.

Trial was held November 3, 1998, at which Thomas' 1996 and 1997 federal income tax returns and accompanying schedules were offered and received into evidence. Thomas' 1996 and 1997 returns showed that he earned income as a self-employed trucker. The returns reported total income of $13,086 in 1996 and $5,116 in 1997. The Schedules C, reporting income from Thomas' trucking business, showed total deductions for "Depreciation and section 179 expense" of $29,251 in 1996 and $36,308 in 1997. Of these amounts, $15,000 in 1996 and $8,000 in 1997 were Section 179 expense deductions. Thomas offered a proposed child support calculation, which was received into evidence.

The district court entered an order finding that in calculating the amount of Thomas' child support obligation, the Section 179 deductions which Thomas had claimed on his 1996 and 1997 federal income tax returns should be added back to his income. The district court's determination was based on paragraph D of

the Nebraska Child Support Guidelines which states in part that "[i]f a party is self-employed, depreciation claimed on tax returns should be added back to income or loss from the business or farm to arrive at an annualized total monthly income." The order entered on February 22, 1999, provided, among other things, that Thomas' monthly child support should be increased to $940.98 for three children, $786.99 for two children, and $547.88 for one child, and that Thomas was entitled to claim dependent tax exemptions as long as he remained current on his child support payments. In the worksheet supporting the calculation of Thomas' child support obligation, the full amounts of "Depreciation and section 179 expense" from Thomas' Schedules C were added back to the income from his 1996 and 1997 tax returns to determine his average monthly income. Thomas appeals the modification order increasing his child support obligation.

## ASSIGNMENTS OF ERROR

Thomas asserts that the district court erred (1) in finding Section 179 expenses to be "depreciation" to be added back to income for purposes of calculating child support under paragraph D of the Nebraska Child Support Guidelines and (2) in increasing his child support obligation pursuant to such calculation.

## STANDARDS OF REVIEW

Modification of the amount of child support payments is entrusted to the discretion of the trial court, and although on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Rhoades v. Rhoades*, 258 Neb. 721, 605 N.W.2d 454 (2000). On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Susan H. v. Keith L., ante* p. 322, 609 N.W.2d 659 (2000).

## ANALYSIS

A party seeking to modify a child support order must show a material change in circumstances which has occurred subsequent to the entry of the original decree or a previous modification and was not contemplated when the decree was

entered. *Rhoades v. Rhoades, supra.* We note that in the instant case, the district court did not make a specific finding of a material change of circumstances. However, upon our de novo review, we conclude that the record establishes a material change of circumstances based on paragraph Q of the Nebraska Child Support Guidelines.

Paragraph Q of the Nebraska Child Support Guidelines states:

> **Modification.** Application of the child support guidelines which would result in a variation by 10 percent or more, upward or downward, of the current child support obligation, due to financial circumstances which have lasted 3 months and can reasonably be expected to last for an additional 6 months, establishes a rebuttable presumption of a material change of circumstances.

The district court ordered an increase in Thomas' child support obligation based upon the evidence which included Thomas' tax returns for 1996 and 1997. Compared to his income in 1992 reflected elsewhere in the record, Thomas' income had increased materially. The parties submitted child support calculations pursuant to the Nebraska Child Support Guidelines. Application of the Nebraska Child Support Guidelines resulted in an increase of more than 10 percent in Thomas' child support obligation. The increase resulted from changes in the parties' incomes, and because the calculations were based on 2 years' income of both parties, we find that the increase resulted from circumstances which had lasted 3 months and could reasonably have been expected to last for an additional 6 months. We therefore conclude that a material change in circumstances existed to support modification of the child support order in this case.

Thomas appeals the increase in his child support obligation, claiming that the district court erred when, in calculating the amount of his obligation, the district court treated the deductions he had taken under Section 179 as depreciation. Pursuant to paragraph D of the Nebraska Child Support Guidelines, which provides that where a party is self-employed, depreciation claimed on tax returns should be added back to income, the district court added the Section 179 deductions as well as Schedule C depreciation back to the total income reported on

Thomas' tax returns. Thomas does not take issue with the addition of the depreciation back to income but does take issue with the addition of the Section 179 deduction back to income. We agree with the district court's treatment of the Section 179 deductions.

Section 179 of the Internal Revenue Code allows taxpayers to elect to treat the cost of certain property as an expense which may be deducted from taxable income, in the absence of a carryover, in the year in which the property is placed in service. Without an election under Section 179, the cost of such property would be treated as a capital expenditure, and the cost of such property would be recovered as depreciation over a period of years pursuant to I.R.C. §§ 167(a) and 168 (1994 & Supp. IV 1998). To qualify as property for which the Section 179 expense election is available, property must be depreciable property under § 168, which generally includes tangible property such as machinery and equipment. See I.R.C. § 179(d)(1).

Thomas asserts that the Section 179 deductions he claimed on his 1996 and 1997 tax returns should not be added back to his income as "depreciation" pursuant to paragraph D. He argues that whereas depreciation is added back to income because it does not reflect an actual cash expenditure by the self-employed parent, a Section 179 deduction reflects an actual cash expenditure, thus reducing the self-employed parent's available resources from which to pay child support. Thomas' argument is unavailing.

Recognizing that a Section 179 deduction typically reflects a cash expenditure made during the year in question, whereas depreciation taken in years subsequent to the initial year property is placed in service typically does not reflect a cash expenditure made during such subsequent years, Thomas nevertheless fails to recognize the similarities between a Section 179 deduction and depreciation where the depreciation is taken in the year property is placed in service. Depreciation taken that first year, similar to a Section 179 deduction, typically reflects an actual cash expenditure made during the year. Central to both depreciation and Section 179 deductions is the fact that each reflects the cost of depreciable property.

The Nebraska Child Support Guidelines require that depreciation be added back to income whether such depreciation is taken in the year the parent makes a cash expenditure to purchase property or whether it is taken in a subsequent year when no cash expenditure has been made. See, *Rhoades v. Rhoades*, 258 Neb. 721, 605 N.W.2d 454 (2000); *Rauch v. Rauch*, 256 Neb. 257, 590 N.W.2d 170 (1999); *State on behalf of Hopkins v. Batt*, 253 Neb. 852, 573 N.W.2d 425 (1998); *Shiers v. Shiers*, 240 Neb. 856, 485 N.W.2d 574 (1992). A Section 179 deduction is, in effect, accelerated depreciation taken in the year property is placed in service. See, generally, I.R.C. §§ 167 and 168, referring to deductions taken in first year as "depreciation."

We note that in reviewing the literature from other states in regard to the treatment of depreciation in connection with the calculation of child support, several approaches have been adopted. It has been observed:

> "[T]here are three different basic approaches to the problem, namely, that (1) depreciation is a book figure which does not involve any cash outlay nor reduce actual dollar income and, therefore, should not be allowed as a deduction; that (2) depreciation diminishes income-producing capacity and leads to the eventual replacement of the asset involved thereby warranting its deduction; and that (3) depreciation should not categorically either be deducted as an expense or treated as income, but rather that the extent of its inclusion, if any, should depend on the particular circumstances of each case."

*In re Marriage of Gaer*, 476 N.W.2d 324, 328 (Iowa 1991) (quoting *Stoner v. Stoner*, 163 Conn. 345, 307 A.2d 146 (1972), and adopting third approach on facts of that case).

Although the Nebraska Child Support Guidelines do not have an explicit provision identifying treatment of Section 179 deductions, paragraph D of the Nebraska Child Support Guidelines clearly indicates that the approach adopted in this state is the first approach listed in *In re Marriage of Gaer, supra*; namely, that depreciation should not be allowed to reduce monthly income in calculating child support, but, instead, depreciation should be "added back" to income. 476 N.W.2d at 327. See, similarly, *Miller v. Miller*, 171 Wis. 2d 131, 134 n.1, 491

N.W.2d 104, 106 n.1 (Wis. App. 1992) (noting that Wisconsin child support regulations provide that gross income is to be adjusted by adding back "the business assets depreciation allowance under 26 USC 179"). See, similarly, *Major v. Major*, 124 N.M. 436, 438, 952 P.2d 37, 39 (N.M. App. 1997) (observing that "[n]one of the policy reasons underlying Section 179 bear any relation to the factors which should be taken into account when determining income for child support purposes"). Similar to the observations in *Major v. Major*, were we not to treat Section 179 deductions as depreciation pursuant to the Nebraska Child Support Guidelines, a self-employed parent could distort his or her income in any given year by purchasing depreciable property and deducting the cost pursuant to Section 179, thereby reducing income available for child support.

We hold that for purposes of paragraph D of the Nebraska Child Support Guidelines, a deduction pursuant to Section 179 is "depreciation" which should be added back to income or loss in calculating a self-employed parent's average monthly income. A deduction pursuant to Section 179, sometimes referred to as a "depreciation deduction," although technically not "depreciation" under the Internal Revenue Code, serves the same tax purpose as depreciation. Both allow a taxpayer to recover the cost of depreciable property, or, in other words, to take a deduction in calculating taxable income to reflect the cost of using such property. Because a deduction elected under Section 179 has the same effect as depreciation, it should be treated as depreciation under paragraph D of the Nebraska Child Support Guidelines.

## CONCLUSION

We conclude that a Section 179 deduction is "depreciation" for purposes of paragraph D of the Nebraska Child Support Guidelines, which requires that depreciation be added back to income or loss in calculating a self-employed parent's child support obligation. The district court did not abuse its discretion in treating Thomas' 1996 and 1997 Section 179 deductions as depreciation in calculating his child support obligation and modifying such child support upward. The order modifying child support is therefore affirmed.

AFFIRMED.