MARY LORENE BROOKS, NOW KNOWN AS LORI RYAN, APPELLANT, v. DENNIS EARL BROOKS, APPELLEE.

622 N.W. 2d 670

Filed February 23, 2001.   No. S-99-777.

Pamela P. Beck for appellant.

William A. Tringe, Jr., for appellee.

Hendry, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Per Curiam.

## NATURE OF CASE

This case presents questions regarding whether deviation from the Nebraska Child Support Guidelines is appropriate when there are children from a subsequent marriage and how such a deviation may be calculated. Appellant, Mary Lorene Brooks, now known as Lori Ryan (Ryan), filed a motion for modification of child support, alleging a material change in circumstances. Appellee, Dennis Earl Brooks, filed an answer generally denying the allegations. In calculating the support due, the trial court granted a deviation from the guidelines based upon Brooks' obligation to support the four children from his subsequent marriage but failed to take into account a child from Brooks' marriage to Ryan when making such calculation. Ryan appeals. We conclude that the trial court abused its discretion in failing to take into account the child from Brooks' marriage to Ryan when calculating his child support obligation.

## BACKGROUND

The marriage between Ryan and Brooks was dissolved on May 19, 1988. Under the decree, custody of the parties' three minor children, Nichole Johanna, Christina Marie, and Dennis Erik, was awarded to Ryan. Brooks was ordered to pay child support of $100 per child per month, for a total of $300. In

September 1992, custody of Nichole was transferred to Brooks; however, his child support obligation remained at $300 per month for the two children in Ryan's custody. In December 1996, Brooks' child support obligation was reduced to $203 per month because Christina had been in his physical custody since December 1995.

On May 8, 1998, Ryan filed a motion for modification of child support. She alleged that Christina had been living in her home since May 1997, and she requested child support for Christina retroactive to May 8, 1998. Brooks generally denied these allegations. At the time of trial, only Dennis was still a minor.

At trial, Ryan testified that she worked either part time or full time at wages of $5.50 to $6.50 per hour. Ryan experienced some periods of unemployment due to problems with herniated disks, for which she had surgery. She had remarried and had two children from her subsequent marriage. From the 1997 and 1998 tax returns filed jointly by Ryan and her husband, it is not clear which portion of the 1998 income was earned by Ryan and which portion was earned by her husband. She did not respond when asked if $867 per month was a fair amount to use as her income in calculating child support.

Brooks had also remarried and had four minor children from his subsequent marriage. He requested the trial court to consider the support he paid for the four children from his subsequent marriage. Brooks earned $3,400 per month. A 1998 tax return filed jointly by Brooks and his current wife showed that Brooks earned $40,800 in 1998 and that his wife earned $19,981.60. Brooks provided health insurance benefits for Dennis and the children from his subsequent marriage.

The trial court modified Brooks' child support obligation to $339 per month commencing May 1, 1999. The trial court did not utilize worksheet 1 of the guidelines, but included worksheet 5 with its order. Worksheet 5 set forth $867 per month as Ryan's income, with a notation stating "Testimony," and listed Brooks' income as $2,572. The trial court deducted $1,134 from Brooks' income for support of the four children from his subsequent marriage but did not describe how it had reached this amount. Ryan's motion for new trial was overruled, and she appeals.

## ASSIGNMENTS OF ERROR

Ryan claims, rephrased, that the trial court erred in calculating Brooks' child support obligation and in failing to order a modification of support retroactive to the date the motion for modification was filed.

## STANDARD OF REVIEW

■ Modification of the amount of child support payments is entrusted to the discretion of the trial court, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Sears v. Larson*, 259 Neb. 760, 612 N.W.2d 474 (2000); *Gammel v. Gammel*, 259 Neb. 738, 612 N.W.2d 207 (2000).

## ANALYSIS

Ryan first contends that the trial court abused its discretion in allowing a deduction for the children of Brooks' subsequent marriage because Brooks failed to show that application of the guidelines would create a hardship or was unjust or inappropriate. Brooks contends that the evidence supported a deviation from the guidelines.

■ While we require that the guidelines be utilized, the reality is that the guidelines are applied as a rebuttable presumption to both temporary and permanent support. *Czaplewski v. Czaplewski*, 240 Neb. 629, 483 N.W.2d 751 (1992). A court may deviate from the guidelines where one or both parties have provided sufficient evidence to rebut the presumption that the guidelines should be applied. *Id.* Thus, the guidelines offer flexibility and guidance, with the understanding that not every child support scenario will fit neatly into the calculation structure. *Id.*

■ Under the guidelines, a deviation is permissible whenever application of the guidelines in an individual case would be unjust or inappropriate. Nebraska Child Support Guidelines, paragraph C. Deviations from the guidelines also must take into account the best interests of the child. See *id.* The party requesting a deviation from the guidelines based upon an obligation to support offspring of a subsequent relationship bears the burden of providing evidence regarding the obligation, including the

income of the other parent of the child or children of the subsequent relationship. *Hajenga v. Hajenga*, 257 Neb. 841, 601 N.W.2d 528 (1999).

Under certain circumstances, it may be appropriate for a trial court to consider subsequently born children of a party when determining child support. *Id.* This determination is entrusted to the discretion of the trial court. See, *Sears v. Larson, supra*; *Gammel v. Gammel, supra.* An abuse of discretion occurs when the trial judge's reasons or rulings are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Brunges v. Brunges*, 260 Neb. 660, 619 N.W.2d 456 (2000); *Sharkey v. Board of Regents*, 260 Neb. 166, 615 N.W.2d 889 (2000).

In *Czaplewski*, we held that the trial court did not abuse its discretion by considering support for children of a subsequent marriage. In *State on behalf of S.M. v. Oglesby*, 244 Neb. 880, 510 N.W.2d 53 (1994), we reached the opposite conclusion and held that it was an abuse of discretion to fail to consider a parent's obligation to subsequent children when calculating support. In *Lodden v. Lodden*, 243 Neb. 14, 497 N.W.2d 59 (1993), we held that it was not an abuse of discretion to refuse to consider support for subsequently born children when the proposed deviation from the guidelines would provide more support for the current family than for the previous one. In *Lodden*, the trial court apparently determined that the application of the guidelines would not be unjust or inappropriate.

Paragraph C of the guidelines requires that all orders for child support, including modifications, must include a basic income and support calculation worksheet 1. In the event of a deviation, the reason for the deviation shall be contained in the findings portion of the decree or order, or worksheet 5 should be completed by the court and filed in the court file. Nebraska Child Support Guidelines, paragraph C. The trial court is required to state the amount of support that would have been required under the guidelines absent the deviation. See *id.* Although either stating the reason for the deviation in the decree or order or completing worksheet 5 is sufficient, we encourage trial courts to do both.

This case is complicated by the fact that the trial court allowed a deviation from the guidelines, but did not make any specific findings in support of the deviation. Because the trial court completed worksheet 5, however, it is apparent that the court determined that a deviation from the guidelines was warranted.

The record also creates difficulties in our determination of whether the trial court abused its discretion by deviating from the guidelines. Nevertheless, Brooks and Ryan did submit evidence of their respective incomes, the incomes of their spouses, and the number of minor children living with them from both the marriage of the parties and their subsequent marriages. We therefore conclude from the facts presented that the decision of the trial court to deviate from the guidelines based on Brooks' support obligation to the four children from his subsequent marriage was not an abuse of discretion.

Citing to *Prochaska v. Prochaska*, 6 Neb. App. 302, 573 N.W.2d 777 (1998), Ryan next contends that the trial court erred in calculating the amount of support because the court failed to consider Brooks' obligation to his previous family when calculating such support.

In *Prochaska*, the Nebraska Court of Appeals held that when determining a support obligation where there are children from a subsequent marriage, the support for each family should be determined after a deduction for the support to the subsequent family. In *Prochaska*, the trial court deviated from the guidelines based on the obligation of the parent's paying support to a subsequent child. In calculating the deviation, the trial court used the guidelines to determine the support obligation for the subsequent child and then deducted this amount from the parent's income before calculating support for the children from the previous marriage. The Court of Appeals reasoned that by calculating the deduction in this manner, the trial court provided a benefit to the parent's current family at the expense of the other family. It then recalculated support using what it termed "interdependent arithmetic." *Id.* at 308, 573 N.W.2d at 781. Under this calculation, the parent's obligation to his or her subsequent child is considered when determining support for the previous children. The Court of Appeals also considered the parent's obliga-

tion to his previous children when determining the obligation to the subsequent child. The Court of Appeals did not provide additional details on how the calculations were performed, but it is clear that the court used a formula under which one family did not benefit at the expense of the other.

In *Krause v. Krause*, 9 Neb. App. 774, 619 N.W.2d 611 (2000), the Court of Appeals addressed the confusion resulting from *Prochaska* as to how such support should be calculated. In *Krause*, Chief Judge Irwin stated in concurrence:

> Since *Prochaska*, we have seen a variety of valid methods of computing child support interdependently. So long as the principles of *Prochaska* are satisfied, no one specific method or formula is mandated. In *Prochaska*, we noted that child support should be computed interdependently so that a benefit is not conferred on one family at the expense of another. It is within the discretion of the trial court to determine how that is done.

9 Neb. App. at 781, 619 N.W.2d at 617. In a separate concurrence, Judge Sievers added:

> [T]he appropriate language and rule is that the problems presented in such cases require an "interdependent consideration" by the trial court of the parent's obligations to the children of his or her now dissolved marriage and the children resulting from a subsequent marriage so that both families are treated as fairly as possible. The more information the trial courts provide as to how they make such interdependent considerations, the better the parties will understand the matter, and the more effective will be our review of how the two competing obligations were handled by the trial court.

*Id.* at 781-82, 619 N.W.2d at 617.

We conclude that there is no precise mathematical formula applicable to situations where a court deviates from the guidelines when children from subsequent relationships are involved. Subsequent familial relationships vary widely from case to case. When a deviation from the guidelines is appropriate, the trial court should consider both parents' support obligations to all children involved in the relationships. In considering the obligation to those subsequent children, the trial court should take into

consideration the income of the other parent of these children as well as any other equitable considerations.

We hold that the specific formula for making such calculations is left to the discretion of the trial court, as long as the basic principle that both families are treated as fairly as possible is adhered to. We again emphasize that the trial court shall include the appropriate worksheets with its order and provide in its order the amount of support that would have been required under the guidelines absent a deviation. We further emphasize the importance of providing the methods used when calculating a deviation by showing this either on the worksheets or in the order.

Here, the trial court failed to include worksheet 1 with its order. Thus, we are unable to ascertain the manner in which the trial court arrived at the income of the parties. Although the trial court wrote on worksheet 5 that Ryan's income figure was based on "testimony," we do not find this figure testified to in the record. The trial court also listed the figure of $2,572 per month for Brooks' income, but we do not find this figure in the record. Without worksheet 1, we do not know how it was ascertained. We again note that trial courts are required under the guidelines to provide worksheet 1 as part of their orders. See, *Hajenga v. Hajenga*, 257 Neb. 841, 601 N.W.2d 528 (1999); Nebraska Child Support Guidelines, paragraph C.

Further, the record does not show that the trial court calculated the deviation in a manner that properly considered Brooks' support obligation to both families. The order did not set forth the amount of support that would have been required under the guidelines absent a deviation. Without worksheet 1 and additional information, we are unable to determine whether the trial court considered Brooks' obligation to Dennis when it calculated a deviation based on the support of Brooks' other children. The inference is that it did not do so.

## CONCLUSION

By deviating from the guidelines without considering Brooks' obligation to both families, the trial court abused its discretion when making its calculations. Accordingly, we reverse the judgment of the trial court and remand the cause for a calculation of child support consistent with this opinion. Because

we reverse, and remand, we do not address Ryan's second assignment of error.

REVERSED AND REMANDED.