KERRY KATHERINE CRAWFORD, APPELLANT, V.
DAVID BRIAN CRAWFORD, APPELLEE.
638 N.W.2d 505

Filed January 25, 2002.    No. S-00-023.

Kent A. Schroeder and Vikki S. Stamm, of Ross, Schroeder & Romatzke, for appellant.

Barry D. Geweke, of Stowell, Kruml, Geweke & Cullers, P.C., L.L.O., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

The Dawson County District Court granted David Brian Crawford's request to decrease his child support obligation. The court decreased David's support obligation for his three children from $950 per month to $750 per month. David's ex-wife, Kerry Katherine Crawford, appealed to the Nebraska Court of Appeals, which affirmed the decision of the district court. Kerry then petitioned for further review, which we granted.

## FACTUAL BACKGROUND

David and Kerry were divorced on September 25, 1998, in the district court for Dawson County, Nebraska. In the decree of dissolution, the district court awarded Kerry custody of the three children born to David and Kerry during their marriage: Katherine Marie Crawford, born December 28, 1993; Thomas David Crawford, born September 26, 1995; and Molly Ann Crawford, born December 9, 1996. The court ordered David to pay child support in the amount of $950 per month for the three children.

David is also the father of Emma D., a child born out of wedlock on May 13, 1998. Emma's birth was not noted in David and Kerry's divorce decree, and the record does not reflect when David became aware of Emma's birth or his paternity. However, David does not dispute that he is Emma's father. In August 1999, paternity proceedings were instituted against David on Emma's behalf. The Dawson County District Court ordered David to pay temporary child support of $300 per month, commencing August 1, 1999. The judge who entered the child support order for Emma was not the same judge who entered David and Kerry's decree of dissolution.

On August 25, 1999, David brought an action in Dawson County District Court to modify the decree of dissolution, requesting a decrease in his child support obligation for the three children from his marriage with Kerry. As support for the modification, David submitted to the court the temporary support order of $300 for Emma, but he did not introduce evidence concerning the income of Emma's mother or any of the calculations used to determine the $300 obligation.

The district court granted David's request for modification on December 8, 1999. While the evidence at trial established that both David and Kerry individually were receiving almost the exact amount of income as they had at the time of their divorce, the court found "good cause" for deviating from the Nebraska Child Support Guidelines because of David's additional obligation of $300 per month for Emma. The district court determined, based on Kerry's and David's incomes, that David's support for four children is "approximately $1000.00 per month." Believing that "all four children should be treated essentially equally," the court reduced David's child support obligation for his and Kerry's three children from $950 per month to $750 per month, or $250 per child, effective September 1, 1999. Kerry appealed to the Court of Appeals.

The Court of Appeals affirmed the district court's $200 reduction of David's child support obligation. See *Crawford v. Crawford*, No. A-00-023, 2001 WL 436184 (Neb. App. May 1, 2001) (not designated for permanent publication). The Court of Appeals found the fact that the record was silent regarding the percentage of support provided by Emma's mother did not require reversal because "the burden of proof is Kerry's responsibility." *Crawford*, 2001 WL 436184 at *5. Furthermore, the Court of Appeals stated, "Kerry needed to show that David's $300-per-month child support obligation for Emma did not include consideration of Emma's mother's income, thus skewing the $300-per-month obligation in a way which made it improper for the court in the instant matter to consider that obligation." *Id.* Absent other proof, the court assumed that the trial judge considered Emma's mother's income in determining the $300 child support obligation. The court concluded that Emma and the three children of the marriage were essentially treated equally by the trial court's order.

Kerry petitioned for further review, and we granted her petition.

## ASSIGNMENTS OF ERROR

Kerry assigns in her petition for further review, rephrased and renumbered, that the Court of Appeals erred in (1) finding it was Kerry's burden to prove how the district court had calculated

David's child support obligation for Emma, (2) failing to properly calculate child support when a subsequently born child is involved, and (3) finding that the trial court's child support calculation was for a four-child family instead of a three-child family.

## STANDARD OF REVIEW

■ Modification of child support payments is entrusted to the trial court's discretion, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Peter v. Peter*, 262 Neb. 1017, 637 N.W.2d 865 (2002).

■ A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrains from acting, and the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Id.*

## ANALYSIS

### BURDEN OF PROOF

Kerry argues the Court of Appeals erred when it found that it was her burden to prove the manner in which the district court calculated David's child support obligation for Emma, his child from a subsequent relationship. Citing this court's opinion in *Brooks v. Brooks*, 261 Neb. 289, 622 N.W.2d 670 (2001), Kerry contends that providing the calculations used to determine Emma's child support obligation should have been part of David's burden in proving why a deviation from the child support guidelines was necessary in this case.

■ Deviations from the guidelines are permissible whenever the application of the guidelines in an individual case would be unjust or inappropriate. Nebraska Child Support Guidelines, paragraph C. Deviations must take into consideration the best interests of the child. *Id.* In *Brooks*, we discussed the appropriateness of deviations when there are children from a subsequent relationship. We found that "[u]nder certain circumstances, it may be appropriate for a trial court to consider subsequently born children of a party when determining child support," and that "[t]his determination is entrusted to the discretion of the trial court." *Brooks*, 261 Neb. at 293, 622 N.W.2d at 674.

We also addressed in *Brooks* which party bears the burden of proof when deviations from the guidelines are requested due to support obligations for children of a subsequent relationship. We determined that "[t]he party requesting a deviation from the guidelines based upon an obligation to support offspring of a subsequent relationship bears the burden of providing evidence regarding the obligation, including the income of the other parent of the child or children of the subsequent relationship." *Id.* at 292-93, 622 N.W.2d at 673 (citing *Hajenga v. Hajenga*, 257 Neb. 841, 601 N.W.2d 528 (1999)). David requested the deviation, so it was his burden to provide the necessary evidence regarding his support obligation to Emma. Kerry contends that David did not meet this burden of proof under *Brooks* since he failed to provide any evidence of the income of Emma's mother, "the other parent of the child . . . of the subsequent relationship." See *id.* at 293, 622 N.W.2d at 673.

*Brooks* did not present the factual situation now before us. In *Brooks*, evidence of the mother's income was needed to enable the district court to properly calculate the obligation to the subsequent children. In the present case, the subsequent child's obligation has already been determined by the temporary child support order of $300 per month for Emma. Arguably, the income of Emma's mother would be of no additional use to the district court in determining the proper deduction for child support not previously ordered. See, e.g., Nebraska Child Support Guidelines, worksheet 5, entitled "Deviations to Child Support Guidelines" ("[d]eduction computed for child or children of one of the parties but not previously ordered").

However, despite the factual distinctions, the principles we enunciated in *Brooks* regarding factors a trial court must consider before deviating from the guidelines remain the same and apply equally to this situation. We announced in *Brooks* "the basic principle that both families are [to be] treated as fairly as possible." 261 Neb. at 296, 622 N.W.2d at 675. In this case, in order to treat both families as fairly as possible, the trial court needed to consider whether the amount of David's original child support obligation of $950 was utilized as a factor by the other district court judge in setting David's $300 per month obligation to Emma. If David was able to use his original support obligation to decrease

the amount of his subsequent support obligation to Emma, it would be inequitable to allow him to turn around and use that subsequent award as the basis for decreasing the original obligation. It would not be in the best interests of the children to permit David to effectively "play one family against the other" in order to decrease his child support obligation to both. See, e.g., *Brooks*, 261 Neb. 289, 295, 622 N.W.2d 670, 675 (2001) ("one family did not benefit at the expense of the other").

■ Therefore, we determine that in considering whether to deviate from the child support guidelines based on an order of support for a subsequent child, the trial court must have before it the calculations and any worksheets used to determine the child support order for the subsequent child. Without the actual figures, a court cannot properly determine whether application of the guidelines would be unjust or inappropriate in a given case, nor can it determine the best interests of the children. In this case, David did not introduce any worksheets or calculations used to determine his child support obligation to Emma. It was David's burden as the "party requesting a deviation from the guidelines" to provide sufficient evidence of his subsequent obligation to justify a deviation. See *Brooks*, 261 Neb. at 292, 622 N.W.2d at 673. Since he did not provide such evidence, we accordingly find, under our de novo review of the record, that David failed to meet his burden of proof. Having so found, we determine the district court abused its discretion in reducing David's child support obligation.

### REMAINING ASSIGNMENTS OF ERROR

■ Since we find that reversal is required, it is unnecessary to address Kerry's remaining assignments of error. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. *Russell v. Stricker*, 262 Neb. 853, 635 N.W.2d 734 (2001).

### CONCLUSION

For the foregoing reasons, we reverse the decision and remand the cause to the Court of Appeals with directions to remand the matter to the district court for Dawson County with directions to dismiss. In addition, Kerry filed a motion for attorney fees incurred in this appeal pursuant to Neb. Ct. R. of Prac.

9F (rev. 2001). We grant this motion and award Kerry attorney fees in the amount of $1,500.

REVERSED AND REMANDED WITH DIRECTIONS.