STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. STEVEN B. GREEN, RESPONDENT.

554 N.W.2d 790

Filed November 8, 1996.   No. S-96-794.

WHITE, C.J., CAPORALE, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

Steven B. Green was admitted to the practice of law in Nebraska on October 9, 1985.

On July 23, 1996, a two-count complaint was filed against Green in this court by the Nebraska State Bar Association Committee on Inquiry of the Second Disciplinary District. Count I alleged that on or about March 1, 1995, Green agreed to represent a client in a domestic dissolution proceeding and the client paid Green a $500 retainer, plus an $84 filing fee. The complaint further charged that Green failed to file the dissolution proceeding for the client, failed to communicate with the client, failed to refund the fees and expenses paid by the client to him, and failed to deposit the money he received in a separate attorney trust account. Count II of the complaint alleged that Green failed to pay for court reporter services for which he had contracted. It is also alleged that Green failed to respond to inquiries by the Nebraska State Bar Association's Counsel for Discipline concerning the claim of nonpayment, even though the allegations of nonpayment were made known to him, and that such failure to respond violated a disciplinary rule of this court.

On July 24, 1996, an additional charge against Green was filed in this court by the Nebraska State Bar Association's Counsel for Discipline. Count III alleged that another client, on or about November 20, 1994, retained Green's services to represent her in a divorce proceeding; that the client gave Green a check for $610; that Green cashed the client's check; and that Green failed to place the proceeds in a separate attorney trust account, failed to file the divorce proceeding, failed to communicate with his client, and failed to refund the fees and expenses paid by the client to him; all in violation of the disciplinary rules of this court.

On October 17, 1996, Green filed a written voluntary surrender of his license to practice law in this state. In that document, Green admits the factual allegations in Counts I and III of the charges. As to Count II of the charges, Green admits that he failed to pay for court reporting services for which he had contracted.

Green also admits that his conduct violated the following provisions of the Code of Professional Responsibility as adopted by this court: Canon 1, DR 1-102 (A) (1), (4), (5), and (6); Canon 6, DR 6-101 (A) (3); Canon 7, DR 7-101 (A) (2);

and Canon 9, DR 9-102 (A) (1) and (2) and (B)(4), which provide:

DR 1-102  Misconduct.

(A)  A lawyer shall not:

(1)  Violate a Disciplinary Rule.

. . . .

(4)  Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

(5)  Engage in conduct that is prejudicial to the administration of justice.

(6)  Engage in any other conduct that adversely reflects on his or her fitness to practice law.

. . . .

DR 6-101  Failing to Act Competently.

(A)  A lawyer shall not:

. . . .

(3)  Neglect a legal matter entrusted to him or her.

. . . .

DR 7-101  Representing a Client Zealously.

(A)  A lawyer shall not intentionally:

. . . .

(2)  Fail to carry out a contract of employment entered into with a client for professional services . . . .

. . . .

DR 9-102  Preserving Identity of Funds and Property of a Client.

(A)  All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable bank or savings and loan association accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1)  Funds reasonably sufficient to pay account charges may be deposited therein.

(2)  Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the

client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B)  A lawyer shall:

. . . .

(4)  Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

In the written voluntary surrender of his license to practice law in this state, Green freely and voluntarily consented to the entry of an order of disbarment and freely and voluntarily waived his rights to notice, appearance, or hearing prior to the entry of the disbarment order.

We accept Green's surrender of his license to practice law in Nebraska and order him disbarred from the practice of law in the State of Nebraska, effective immediately. We further order Green to comply with this court's Neb. Ct. R. of Discipline 16 (rev. 1996), and in the event of his failure to do so, he shall be subject to punishment for contempt of this court.

JUDGMENT OF DISBARMENT.

FAHRNBRUCH, J., not participating.