Eva G. Sears, formerly known as Eva G. Larson, appellee,
v. Michael K. Larson, appellant.
612 N.W. 2d 474

Filed June 16, 2000.    No. S-99-450.

Charles W. Balsiger, of Balsiger & Carney, for appellant.

Gregory G. Jensen, of Jensen Law Office, for appellee.

Hendry, C.J., Wright, Connolly, Gerrard, Stephan, and McCormack, JJ.

Connolly, J.

The appellee, Eva G. Sears, formerly known as Eva G. Larson, brought an action seeking to modify child support. The appellant, Michael K. Larson, sought a deviation from the Nebraska Child Support Guidelines based on the amount of his

student loan payments. The district court did not allow the deviation, and Larson appeals. We affirm.

## BACKGROUND

The marriage of the parties was dissolved in November 1992. The parties have two children. Pursuant to a stipulation, child support was set at $300 per month to be reduced to $150 per month when the oldest child reached the age of majority, died, or became emancipated or until further order of the court. Shortly after the decree was entered, Larson began attending school at the University of Nebraska at Kearney. Larson financed his education through a combination of part-time employment and student loans. Larson used the loans both to pay for his education and for payment of child support.

In May 1997, Larson obtained a bachelor of nursing degree. Following receipt of this degree, Larson began working full time. In May 1998, Sears brought an action seeking modification of child support based on the increase in Larson's wages and alleging that the 1996 amendments to the Nebraska Child Support Guidelines constituted a material change in circumstances. At trial, both parties presented evidence regarding their monthly income and deductions. The record reflects that there was some disagreement regarding the amount of each party's monthly income. Larson also presented an affidavit stating that he had a surplus of only $171 per month after payment of living expenses and student loan payments. At the time of trial, Larson's student loan payments were $529.99 per month. The record is silent regarding the total amount of the loans and the terms of the loans. Larson did not provide specific information regarding how much of the loan amounts was used for education and how much was used for other expenses. Larson requested that the court allow a deviation from his net income in the amount of the student loan payment.

Without specifically discussing the student loan issue in its order, the district court increased Larson's prior child support obligation for two children to $602 per month and $419 per month for one child. In reaching this determination, the court used the figures provided by Sears rather than Larson regarding the incomes of the parties, then calculated support based on

these figures without calculating a deduction for student loans. Larson appeals, contending that a deviation from his income for the amount of his student loan payment should have been allowed.

## ASSIGNMENTS OF ERROR

Larson assigns that the district court abused its discretion in failing to consider his financial circumstances and in applying the Nebraska Child Support Guidelines without consideration of the deviations provided for in those guidelines.

## STANDARD OF REVIEW

■ Modification of the amount of child support payments is entrusted to the discretion of the trial court, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Rhoades v. Rhoades*, 258 Neb. 721, 605 N.W.2d 454 (2000); *Truman v. Truman*, 256 Neb. 628, 591 N.W.2d 81 (1999).

## ANALYSIS

Relying on *State on behalf of Elsasser v. Fox*, 7 Neb. App. 667, 584 N.W.2d 832 (1998), Larson contends that his student loan payment should have been considered as a deduction from his income for purposes of figuring child support.

■ In general, child support payments should be set according to the Nebraska Child Support Guidelines established pursuant to Neb. Rev. Stat. § 42-364.16 (Reissue 1998). *Rhoades v. Rhoades, supra.* The Nebraska Child Support Guidelines are applied as a rebuttable presumption, and all orders for child support shall be established in accordance with the provisions of the guidelines unless the court finds that one or both of the parties have produced sufficient evidence to rebut the presumption that the guidelines should be applied. *Rhoades v. Rhoades, supra*; Nebraska Child Support Guidelines, paragraph C. The guidelines permit deviations under specified circumstances. The provision applicable to this case is paragraph C(5), which allows a deviation whenever the application of the guidelines in an individual case would be unjust or inappropriate. Thus, it was Larson's burden to show that an application of the

guidelines without a deviation for his student loan payment would be unjust or inappropriate.

We have not previously addressed the manner in which student loan payments are to be considered under the Nebraska Child Support Guidelines. However, in *State on behalf of Elsasser v. Fox, supra*, the Nebraska Court of Appeals reversed an order of the district court that failed to consider a father's student loan payment when calculating child support. In *State on behalf of Elsasser*, the father presented evidence regarding the total amount of his student loan payment, the term of the loan, and the total monthly payment. In concluding that the amount of the student loan payment was to be deducted from income, the court stated that fostering further education of young parents benefits the children involved. The court also noted the requirements of repayment of student loans and the difficulty in discharging such loans in bankruptcy. Thus, the court treated the student loan payment as a fixed, nonavoidable obligation that should be deducted from income under the guidelines. On this basis, the court determined that under the facts and circumstances of the case, the trial court abused its discretion when it failed to deduct the father's student loan payment from his income.

In *State on behalf of Elsasser*, the dissent noted that the trial court made a specific finding that under the circumstances, it would not be reasonable or equitable to allow a deviation for student loan payments. Thus, the dissent expressed the opinion that although a court may be justified in allowing such a deviation in a proper case, there was not an abuse of discretion by the trial court under the facts presented in *State on behalf of Elsasser*.

We conclude that paragraph C(5) of the guidelines allows a trial court in an appropriate case to deviate from the guidelines to allow a deduction from income based on a parent's student loan payment. However, in this case, we conclude that the trial court did not abuse its discretion in applying the guidelines without consideration of the amount of Larson's monthly student loan payments. A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected

option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Rhoades v. Rhoades*, 258 Neb. 721, 605 N.W.2d 454 (2000).

The record in this case does not provide specific details regarding Larson's student loans. For example, the record is silent regarding the total amount of Larson's loans, the terms of those loans, the amount attributable to principal and interest, and the amount of the loans that were used for education, child support, or other expenditures. The record is also silent regarding whether the payment terms of the loan can be modified in a manner that would allow for a smaller monthly payment. It was Larson's burden to prove that an application of the guidelines without a deviation based on his student loan obligation would produce an unjust result. Under the circumstances of this case, where the record lacks details of the specific nature and amount of the loans, we cannot find an abuse of discretion on the part of the district court in refusing to consider Larson's student loans in its child support calculations. Accordingly, the order of the district court is affirmed.

AFFIRMED.

MILLER-LERMAN, J., not participating.