ELLEN TERESA HARTMAN, APPELLANT,
v. RODNEY R. HARTMAN, APPELLEE.
622 N.W. 2d 871

Filed March 9, 2001.   No. S-99-1405.

George G. Vinton for appellant.

R. Bradley Dawson, of Clough, Dawson, Piccolo & Jones, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

Miller-Lerman, J.

## NATURE OF CASE

In this modification of a divorce decree case, Ellen Teresa Hartman (Terri) appeals the order of the district court for Lincoln County requiring her former husband, Rodney R. Hartman, to pay $282 per month in child support for their daughter, Jacqueline. Terri contends that the amount of child support should be increased because Rodney should not have received credit for Social Security dependency benefits paid to Terri on behalf of Jacqueline as a result of Terri's disability. In other words, Terri asserts that the benefits should have been treated as Terri's income. Terri also contends that the district court erred in failing to require Rodney to pay medical bills incurred by Jacqueline while she was temporarily in Rodney's custody and in failing to award Terri attorney fees. We affirm in part and reverse in part the order and remand the cause to the district court with directions to enter an order requiring Rodney to pay $467 per month in child support.

## STATEMENT OF FACTS

During their marriage, Terri and Rodney had two children, Robert and Jacqueline. Pursuant to a May 29, 1997, decree of dissolution, Terri was awarded custody of Jacqueline and Rodney was awarded custody of Robert. A split custody child support calculation was prepared, and Rodney was ordered to pay child support to Terri in the amount of $309 per month.

On August 4, 1998, Rodney filed an application for change of custody requesting that he be awarded custody of Jacqueline. Rodney asserted the existence of a material and substantial change of circumstances, including the onset of Terri's disability. The district court entered an order that same day granting Rodney temporary custody of Jacqueline and suspending his child support obligation.

On May 24, 1999, Terri filed a motion to reinstate the original custody order and to reinstate and modify child support consistent with the Nebraska Child Support Guidelines (Guidelines). Terri asserted that child support would need to be recalculated because Robert would be turning 19 in July.

On July 1, 1999, Rodney filed a motion to dismiss his application for change of custody. The motion was granted July 2, and Jacqueline returned to live with Terri.

On August 9, 1999, Terri filed an amended motion to reinstate the original child custody and support order and requested that the court order Rodney to pay for medical expenses incurred by Jacqueline for the period she was in Rodney's custody prior to July 2. In her motion, Terri also sought an order directing Rodney to pay child support to Terri of $309 pursuant to the original order for July 1999 and to modify the amount of child support upward starting on August 1.

A hearing was held on Terri's motion October 4, 1999, at which hearing Terri established that she was receiving $655 per month in Social Security benefits as a result of her disability. In addition, Terri was receiving $327 per month in Social Security dependency benefits on behalf of Jacqueline due to Terri's disability.

On October 19, 1999, the district court ordered Rodney to pay child support in the amount of $220 per month as of July 1, 1999. Throughout its calculation of child support, the district court declined to treat the dependency benefits received on behalf of Jacqueline as income attributable solely to Terri. The particular treatment of the benefits in the district court's calculation is discussed in more detail in the "Analysis" section below.

Terri filed a motion for new trial on October 26, 1999, asserting (1) that Rodney's net monthly income had not been properly annualized and (2) that the Social Security dependency benefits received on behalf of Jacqueline should have been treated as Terri's income. The district court granted the motion only to the extent that child support should be recalculated using the properly annualized net monthly income of $2,002 per month for Rodney. The district court entered an order on November 30 increasing the amount of Rodney's child support obligation from $220 to $282; however, the district court did not change its method of accounting for the Social Security dependency benefits. Terri appeals the district court's order.

## ASSIGNMENTS OF ERROR

Terri asserts that the district court erred in (1) failing to treat Social Security dependency benefits paid to Terri on behalf of Jacqueline as a result of Terri's disability as part of Terri's income, (2) failing to require Rodney to pay medical bills incurred by Jacqueline while she was in his custody pursuant to a temporary custody order, and (3) failing to award Terri attorney fees.

## STANDARD OF REVIEW

Modification of the amount of child support payments is entrusted to the discretion of the trial court, and although, on appeal, the issue is reviewed de novo on the record, the decision of the trial court will be affirmed absent an abuse of discretion. *Sears v. Larson*, 259 Neb. 760, 612 N.W.2d 474 (2000).

Whether Social Security dependency benefits received on behalf of a child are considered income of the parent whose disability resulted in the payment of benefits is a question of law. To the extent issues of law are presented, an appellate court has an obligation to reach independent conclusions irrespective of the determinations made by the court below. *Gress v. Gress*, 257 Neb. 112, 596 N.W.2d 8 (1999).

A district court's award or denial of attorney fees in a proceeding to modify a divorce decree will be upheld absent an abuse of discretion. *Groseth v. Groseth*, 257 Neb. 525, 600 N.W.2d 159 (1999).

## ANALYSIS

*Social Security Dependency Benefits.*

A party seeking to modify a child support order must show a material change in circumstances which has occurred subsequent to the entry of the original decree or a previous modification and was not contemplated when the decree was entered. *Gammel v. Gammel*, 259 Neb. 738, 612 N.W.2d 207 (2000). Neither party disputes on appeal that a modification was appropriate.

Terri first asserts that the district court erred in failing to treat the Social Security dependency benefits Terri received on behalf of Jacqueline because of Terri's disability as part of Terri's income. In calculating Rodney's child support obligation pur-

suant to the Guidelines, the district court treated the benefits in the following manner:

(1) *Percentage of Contribution.* The court did not include the benefits in either Terri's or Rodney's net monthly income when calculating the percentage of contribution for each parent.

(2) *Combined Monthly Net Income.* The court added the benefits to Terri's and Rodney's monthly net incomes in order to arrive at the combined monthly net income.

(3) *Monthly Support.* The court used the combined monthly net income, which included the benefits, to determine monthly support from table 1 of the Guidelines.

(4) *"Reduced" Monthly Support.* The court subtracted the benefits from the monthly support figure found in table 1.

(5) *Each Parent's Monthly Share.* The court multiplied the "reduced" monthly support by each parent's percentage of contribution to arrive at each parent's monthly share, with Rodney's child support obligation's being his monthly share.

The district court patterned its calculation after the approach used by the Nebraska Court of Appeals in *Ward v. Ward,* 7 Neb. App. 821, 585 N.W.2d 551 (1998), which involved, inter alia, Social Security benefits received on behalf of a child by the custodial father based on the earnings of a deceased parent.

Terri urges that instead of the approach detailed above that was used by the district court, the dependency benefits received on behalf of Jacqueline should have been treated as part of Terri's net monthly income and that the monthly support figure should not have been reduced by the amount of the benefits. The result of such treatment, Terri asserts, would be to increase Rodney's child support obligation from $282 to $471 per month. Under the treatment urged by Terri, Rodney's monthly net income is $2,002 and Terri's monthly net income, including the $327 of Social Security dependency benefits received on behalf of Jacqueline, is $982. Using the combined monthly net income of $2,984, Terri found total monthly support to be $703. Multiplying the total monthly support of $703 by Rodney's contribution of 67 percent, Terri asserts that Rodney's monthly child support obligation should be $471 per month. We agree that the appropriate treatment of the Social Security dependency benefits is that urged by Terri.

The district court based its calculation on the approach used by the Court of Appeals in *Ward v. Ward, supra.* However, *Ward* and the instant case are distinguishable. The parties in *Ward* were the child's adoptive parents, and the benefits received on behalf of the child were based on the earnings of a deceased parent who obviously was not a party to the case. In the present case, the benefits received on behalf of Jacqueline are based on Terri's disability and her prior earnings. The present case and *Ward* further differ. In *Ward*, the benefits could not be directly attributed as income to one or the other of the parties because the benefits were based on a deceased parent's earnings, whereas, in the instant case, the dependency benefits are in lieu of a party's income.

The approach taken by the Court of Appeals in *Ward* was a deviation from the Guidelines. In general, child support payments should be set according to the Guidelines established pursuant to Neb. Rev. Stat. § 42-364.16 (Reissue 1998). *Sears v. Larson*, 259 Neb. 760, 612 N.W.2d 474 (2000). The Guidelines permit deviations under specified circumstances, including circumstances in which application of the Guidelines in an individual case would be unjust or inappropriate. *Id.* The Court of Appeals found in *Ward* that a deviation from the Guidelines was justified because while the benefits received on behalf of the child were part of the total family income, they were not directly attributable to one of the parents who were parties to the proceedings and that strict application of the Guidelines would not result in a fair and equitable child support order.

By contrast to *Ward*, the Social Security dependency benefits in the present case are directly attributable to Terri as they reflect her prior earnings and are the result of her current disability. It would not be unfair or inequitable to consider the benefits as part of Terri's income in calculating support obligations, and a deviation from the Guidelines is therefore not indicated.

Terri asserts that the dependency benefits received on behalf of Jacqueline should be included as part of Terri's monthly income pursuant to the Guidelines. Paragraph D of the Guidelines requires that total monthly income should include, with certain exceptions, income derived from all sources. The Guidelines contemplate that income for purposes of child sup-

port may differ from taxable income and do not prevent consideration of tax-exempt benefits in determining the amount of a parent's income derived from all sources. *State on behalf of Hopkins v. Batt*, 253 Neb. 852, 573 N.W.2d 425 (1998).

█ The approach Terri proposes is consistent with cases in which we have held that when a noncustodial parent becomes disabled after a child support order has been issued, Social Security dependency benefits paid on behalf of the child based on the noncustodial parent's disability can be applied to satisfy the noncustodial parent's child support obligation. See *Gress v. Gress*, 257 Neb. 112, 596 N.W.2d 8 (1999) (Social Security payments made to child on account of parent's disability should be considered as credits toward noncustodial parent's court-ordered support obligation in absence of circumstances making allowance of such credit inequitable); *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990); *Schulze v. Jensen*, 191 Neb. 253, 214 N.W.2d 591 (1974). See, also, *Brewer v. Brewer*, 244 Neb. 731, 509 N.W.2d 10 (1993) (Social Security benefits on behalf of child based on earnings of deceased father applied to deceased father's child support liability). In those cases, the reasoning was that such benefit payments were the result of the parent's disability and were a substitute for the parent's loss of earning power and his or her obligation to pay for the support of his or her dependents. See *Gress v. Gress, supra*. This same reasoning leads to the conclusion that Social Security dependency benefits received on behalf of a child as a result of a custodial parent's disability should be included in the monthly net income of the parent whose disability resulted in the payment of dependency benefits rather than as a credit to the nondisabled parent, as was done in this case.

We note that paragraph D of the Guidelines requires the inclusion of income from all sources except, inter alia, "all means-tested public assistance benefits." We have recently defined a "means-tested public assistance benefit" to mean

a benefit that includes a payment in money, or by assistance in kind, to, or for the benefit of, a person where (1) the eligibility for the benefit or (2) the amount of the benefit is determined on the basis of the income or resources of the recipient, such that the benefit decreases as the recipient's income increases.

*Riggs v. Riggs, ante* p. 344, 351, 622 N.W.2d 861, 867 (2001). The Social Security dependency benefits in this case are not "means-tested public assistance benefits" within the meaning of the Guidelines and are, therefore, subject to inclusion as "income . . . from all sources" under paragraph D.

The Social Security Administration has stated that as to the programs it administers, for purposes of the federal Personal Responsibility and Work Opportunity Reconciliation Act of 1996, only "supplemental security income benefits" are " 'Federal means-tested public benefits.' " 62 Fed. Reg. 45,284 (August 26, 1997). At trial in the instant case, Terri offered documentary evidence from the Social Security Administration describing her disability benefits. The text of such evidence makes a distinction between the Social Security disability insurance program, which is based on prior earnings of the recipient, and the supplemental security income program, which is based on financial need of the recipient. Terri's evidence establishes that the benefits received on behalf of Jacqueline are part of the disability insurance program rather than the supplemental security income program. The benefits in the present case are not "means-tested public assistance benefits" that would be excluded from income pursuant to the Guidelines.

We conclude that the circumstances of the instant case do not justify the sort of deviation from the Guidelines that was taken in *Ward v. Ward,* 7 Neb. App. 821, 585 N.W.2d 551 (1998), and that the district court therefore erred in the manner in which it calculated Rodney's child support obligation. We further conclude that the Social Security dependency benefits received on behalf of Jacqueline because of Terri's disability should have been included in Terri's income in calculating Rodney's child support obligation. Treating the benefits as Terri's income, we find the combined monthly income to be $2,984. Under table 1 of the Guidelines, when combined monthly income is $2,984, the monthly support for one child is $697. Multiplying $697 by Rodney's contribution of 67 percent results in a monthly child support obligation for Rodney of $467. We therefore reverse the portion of the district court's order modifying the amount of child support to be paid by Rodney and, consistent with the calculation recited above, remand the cause to the district court

with directions to enter an order requiring Rodney to pay $467 per month in child support retroactive to August 1, 1999, the first day of the month after Robert turned 19.

*Payment of Medical Bills.*

Terri next asserts that the district court erred in failing to require Rodney to pay for medical bills incurred by Jacqueline while she was in his custody pursuant to the temporary custody order. In the original decree of dissolution entered May 29, 1997, with respect to medical expenses, the district court ordered that Rodney maintain health insurance for the benefit of both children and that he pay 79 percent of all unreimbursed medical, dental, optometric, and ophthalmic expenses incurred on behalf of Jacqueline. In its October 19, 1999, order in the current proceeding, the district court ordered that "no action shall be taken at this time regarding any delinquent medical bills for the minor child" and provided that "[a]ll other previous orders of the court not specifically modified herein shall remain in full force and effect." Terri did not address the issue of the district court's treatment of medical bills in her motion for new trial.

The effect of the district court's October 19, 1999, order was to maintain the provision of the original dissolution decree that Rodney was responsible for 79 percent of all medical expenses incurred on behalf of Jacqueline, including those she incurred while in his temporary custody. We find no abuse of discretion in the district court's disposition of this issue and therefore conclude that Terri's second assignment of error is without merit.

*Attorney Fees.*

Terri further assigns error to the district court's failure to award her attorney fees. In a proceeding to modify a dissolution decree, the decision to award attorney fees rests within the trial court's discretion. *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994). A district court's award or denial of attorney fees in a proceeding to modify a divorce decree will be upheld absent an abuse of discretion. *Groseth v. Groseth*, 257 Neb. 525, 600 N.W.2d 159 (1999). We do not find that the trial court abused its discretion in failing to award attorney fees to Terri and therefore conclude that Terri's final assignment of error is without merit.

## CONCLUSION

We conclude that the district court abused its discretion in deviating from the Guidelines and that the Social Security dependency benefits received on behalf of Jacqueline because of Terri's disability should have been treated as part of Terri's income in calculating Rodney's child support obligation. We therefore reverse the district court's order modifying child support and remand the cause to the district court to enter an order requiring Rodney to pay $467 per month in child support retroactive to August 1, 1999. We further conclude that Terri's assignments of error regarding the payment of medical bills and the awarding of attorney fees at the trial level are without merit and therefore affirm those portions of the district court's order.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.