DAVID WAYNE HENDERSON, APPELLANT, V.
MICHELE LYN HENDERSON, APPELLEE.
653 N.W.2d 226

Filed November 8, 2002.   No. S-01-843.

Julie A. Effenbeck, of Law Office of Julie A. Effenbeck, for appellant.

Michele Lyn Henderson, pro se.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

David Wayne Henderson appeals from a dissolution decree entered on July 20, 2001. In the decree, the district court included an adult child in its child support calculation, made a finding concerning competency of the adult child, awarded custody of the adult child, and divided the property of the parties.

## SCOPE OF REVIEW

■ The standard of review of an appellate court in child support cases is de novo on the record, and the decision of the trial court will be affirmed in the absence of an abuse of discretion. *Brockman v. Brockman, ante* p. 106, 646 N.W.2d 594 (2002).

## FACTS

David and Michele Lyn Henderson were married in Oklahoma City, Oklahoma. Two children were born to the marriage: Dustin Wayne, born May 11, 1981, and Nicole Renee, born December 29, 1984.

In his petition for dissolution of marriage, David sought custody of Nicole. Dustin, who is developmentally disabled, was living independently in Salina, Kansas, when the parties separated. At the time of the dissolution hearing, Dustin was living with Michele in Texas, awaiting placement in housing in Irving, Texas.

The district court awarded the parties the personal property in their possession and awarded certain real estate and a van to David. The court ordered David to pay all liens on that property. The court also ordered David to deliver to Michele certain property she requested in a letter to the court, including "the diploma,

her AOT certification, her medical books and supplies, the silverware and Dustin's records."

The district court found that "Dustin is not competent and is in need of his parents' financial care." Michele was ordered to pay child support of $200 per month until one or both children "become emancipated from the control and care of their parent or are otherwise of age, competent, or emancipated." Custody of Dustin was awarded to Michele, and custody of Nicole was awarded to David, with reasonable rights of visitation for both parents. David was directed to provide medical coverage for Nicole and for "his adult son if possible," and Michele was directed to pay 61 percent of any medical bills not covered by insurance. Michele was ordered to pay $250 toward David's attorney fees.

The child support calculation worksheet completed by the district court has been summarized as follows:

BASIC NET INCOME AND SUPPORT CALCULATION

|  | Mother | Combined | Father |
|---|---|---|---|
| Total income from all sources | $21,132 |  | $14,000 |
| Fed. HH–2 exempt | (1,361) | HH–2 exempt | (291) |
| Deductions |  |  |  |
| a. Taxes - State | (357) |  | (226) |
| b. FICA .0675 |  |  | (945) |
| . . . . |  |  |  |
| f. Total disposable | 19,414 |  | 12,538 |
| Monthly net income - disposable | 1,618 |  | 1,045 |
| Combined monthly net income |  | 2,663 |  |
| Percent contribution of each parent | 61 |  | 39 |
| Monthly support from table 1 |  | 633 – 1 |  |
|  |  | 910 – 2 |  |
| Each parent's monthly share | 386 – 1 |  | 247 – 1 |
|  | 555 – 2 |  | 355 – 2 |

SPLIT CUSTODY CALCULATION

| Total amount owed to father by mother | $555 |
|---|---|

Total amount owed to
    mother by father          $355
Support to be paid by mother    $200
    $139 when there is only one child supported.

Michele, who was living in Texas, did not attend the dissolution hearing. David testified that Michele does not work but receives disability payments because she is disabled with disconnective tissue disorder and congestive heart failure. David testified that Michele receives a monthly total of $2,271 in disability and Social Security payments. David testified that Dustin was receiving Supplemental Security Income and $274 per month in disability payments based on Michele's disability. Dustin was also employed part time.

At the time of the dissolution hearing, David worked for Nutri-Shield, Inc., in Horton, Kansas, where his gross earnings were $731 twice a month. He had health insurance through his employer, but Nicole's insurance was provided by the state. Nicole was receiving $174 in monthly Social Security payments based on Michele's disability. After August 2001, the amount was scheduled to be $274 per month.

Michele wrote a letter to the district court stating that she was unable to attend the hearing and unable to afford an attorney to represent her. She stated that she received $916 monthly from Social Security and $845 monthly in private long-term disability payments. She stated that Dustin cannot drive, cook, clean, or handle his own affairs. She indicated that Dustin receives $241 per month in Social Security benefits and $200 per month in Supplemental Security Income benefits. The letter indicates that Michele enclosed a number of credit slips, bills, and other documents, but they are not included in the bill of exceptions filed with this court.

## ASSIGNMENTS OF ERROR

David asserts that the district court erred (1) in considering an adult child when calculating child support, (2) in making a finding of competency as to the adult child of the parties, (3) in entering a custody order pertaining to the adult child, and (4) in dividing the parties' property and assets.

## ANALYSIS

### CHILD SUPPORT CALCULATION

David first assigns as error the inclusion of Dustin, an adult child, in the child support calculation made by the district court. The court entered an order which clearly indicates that it based its decision on two children, even though Dustin is an adult.

Neb. Rev. Stat. § 42-351 (Reissue 1998) provides that the district court has jurisdiction in divorce actions to render judgments and make orders concerning, inter alia, "the custody and support of minor children." See, also, *Kimbrough v. Kimbrough*, 228 Neb. 358, 422 N.W.2d 556 (1988). Neb. Rev. Stat. § 42-364(1) (Reissue 1998) states that "[w]hen dissolution of a marriage or legal separation is decreed, the court may include a parenting plan developed under the Parenting Act, if a parenting plan has been so developed, and such orders in relation to *any minor child* and the child's maintenance as are justified . . . ." (Emphasis supplied.) See, also, *Meyers v. Meyers*, 222 Neb. 370, 383 N.W.2d 784 (1986). Additional provisions throughout § 42-364 refer only to "minor" children. A minor is an unmarried person under the age of 19. Neb. Rev. Stat. § 43-2101 (Reissue 1998). Based on these statutes, the district court had no authority to include Dustin, who is more than 19 years of age, in its child support calculations.

In *Meyers*, 222 Neb. at 375, 383 N.W.2d at 788, this court noted that the issue of whether courts have the power to compel divorced parents to "directly support a handicapped child beyond minority . . . presents an exercise in statutory construction." In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *In re Estate of Krumwiede, ante* p. 378, 647 N.W.2d 625 (2002).

The *Meyers* court found that § 42-364 was clear and unambiguous in conferring authority to compel divorced parents to support minor children, but also clear and unambiguous in conferring no authority for the support of adult children.

> In effect, the mother asks us to read the word "minor" out of the statute and to add words such as to include adult children who are handicapped to the extent they cannot

support themselves. More than that, she wishes us to write into the statute a requirement that divorced parents maintain their handicapped offspring in an institution of higher learning to an indefinite age. This we cannot do; as the foregoing rules of statutory construction demonstrate, it is the function of courts to apply statutes, not to enact them.

*Meyers*, 222 Neb. at 376, 383 N.W.2d at 789.

■ The public policy of this state provides that parents have a duty to support their minor children until they reach majority or are emancipated, and a parent is not relieved of this duty by virtue of divorce. *Reinsch v. Reinsch*, 259 Neb. 564, 611 N.W.2d 86 (2000). See, also, *Waldbaum v. Waldbaum*, 171 Neb. 625, 107 N.W.2d 407 (1961). The deciding factor is whether the child has reached the age of majority or become emancipated. Dustin is an adult, and he lived independently in Kansas prior to moving to Texas with his mother, where he was awaiting placement in housing for persons with disabilities. Nebraska law does not provide that payments for his support should be included in a decree of dissolution.

The standard of review of an appellate court in child support cases is de novo on the record, and the decision of the trial court will be affirmed in the absence of an abuse of discretion. *Brockman v. Brockman, ante* p. 106, 646 N.W.2d 594 (2002). The district court abused its discretion in basing the child support award on two children, when one of the children is an adult.

■ The child support guidelines provide that in calculating the amount of support to be paid, the court must consider the total monthly income, defined as the income of both parties derived from all sources, except all means-tested public assistance benefits. *Dueling v. Dueling*, 257 Neb. 862, 601 N.W.2d 516 (1999). Social Security disability insurance program benefits are not means-tested public assistance benefits, but are based on prior earnings of the recipient, not on the financial need of the recipient. *Hartman v. Hartman*, 261 Neb. 359, 622 N.W.2d 871 (2001).

The worksheet included here indicates that the district court used the figures provided by Michele to determine her annual income. We are unable to determine if such figures were a part of the record. In Michele's letter to the court, she stated that she received $916 monthly in Social Security benefits and $845

monthly from a disability insurance policy, for a total of $1,761 per month, or $21,132 per year. This is the figure used by the court to calculate Michele's annual income.

The district court order stated that Michele should receive a credit against her child support obligation for any Social Security payments made to David or Nicole. A noncustodial parent is entitled to credit against a monthly child support obligation for Social Security benefits paid to his or her minor child as a result of the noncustodial parent's disability. See *Hanthorn v. Hanthorn*, 236 Neb. 225, 460 N.W.2d 650 (1990). Social Security benefit payments which are the result of the obligor's disability are a substitute for the obligor's loss of earning power and his or her obligation to pay for the support of his or her dependents. *Gress v. Gress*, 257 Neb. 112, 596 N.W.2d 8 (1999). We have held that when a noncustodial parent becomes disabled *after* a child support order has been issued, "Social Security dependency benefits paid on behalf of the child based on the noncustodial parent's disability can be applied to satisfy the noncustodial parent's child support obligation." See *Hartman*, 261 Neb. at 365, 622 N.W.2d at 876. The same principle applies here. The court should have ordered that Michele receive credit for only those benefits received by Nicole based on Michele's disability. Dustin is an adult, and no child support credit should have been entered for him.

In addition, David testified that he earned $731 twice a month, for a total of $1,462 per month or $17,544 per year. The worksheet indicates that David's yearly income is $14,000. The only evidence concerning David's wages, other than his testimony, is a photocopy of one pay stub, which also shows the $731 bimonthly amount. The child support calculation worksheet itself states that the court will "require copies of [the] last 2 years' tax returns to verify 'total income' figures and copies of present wage stubs to verify the pattern of present wage earnings." None of these documents are in the record.

Therefore, the judgment must be reversed and the cause remanded for a recalculation of child support based only on the minor child, Nicole. The district court is directed to comply with the guidelines and to use correct figures in recalculating child support.

### FINDING OF COMPETENCY CONCERNING ADULT CHILD

David assigns as error the district court's finding of competency as to Dustin. However, this alleged error is not discussed in the brief. Errors that are assigned but not argued will not be addressed by an appellate court. *Caruso v. Parkos*, 262 Neb. 961, 637 N.W.2d 351 (2002). This error is subsumed in the court's error in basing the child support calculation on two children.

### CUSTODY ORDER CONCERNING ADULT CHILD

David's final assignment of error asserts that the district court erred in entering a custody order pertaining to Dustin, the adult child. Custody of Dustin was awarded to Michele, and custody of Nicole was awarded to David, with reasonable rights of visitation to each parent. David does not specifically address this alleged error in his brief, and this court is not required to consider it. We note, however, that for the same reasons we found the child support order to be an abuse of discretion, the court's order concerning custody is in error.

### DIVISION OF PROPERTY AND ASSETS

David next argues that the district court erred in its division of property and assets. The court awarded each party the personal property in his or her possession, and it awarded certain real estate and a van to David. David was also directed to deliver certain property to Michele as requested in her letter to the court.

The record before us makes it impossible to determine the method used by the district court to arrive at the property division. David testified at the hearing concerning debts and the responsibility for them, but Michele did not appear. The court may have considered letters and other information sent to it by Michele. The journal entry indicates that a letter from Michele was marked as an exhibit. Exhibit 3, which was filed on May 11, 2001, states that it includes copies of various documents to support Michelle's requests related to the division of property, but the documents are not included in the bill of exceptions. The court noted at the end of the hearing that other materials had been included with the letters, but the court had not looked at them.

We are unable to determine whether the district court abused its discretion in the division of property. David complains that the exhibits were marked by the court but not received into evidence

and that he would have objected to their offer if given the opportunity. This error has not been assigned, and therefore, we do not address it.

## CONCLUSION

That portion of the district court's order concerning division of the parties' property is affirmed. However, the court abused its discretion by including Dustin, a disabled child over the age of 19 years, in the child support calculation. The court also erred in awarding custody of an adult child. That portion of the court's order concerning child support and custody is reversed, and the cause is remanded for a recalculation of child support.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.