IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

HAYS V. HAYS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

BRADLEY J. HAYS, APPELLEE,

V.

MELINDA K. HAYS, NOW KNOWN AS MELINDA K. HILL, APPELLANT.

Filed January 26, 2016.    No. A-15-195.

Appeal from the District Court for Lincoln County: DONALD E. ROWLANDS, Judge. Affirmed.

Jeffrey M. Eastman, of Legal Aid of Nebraska, for appellant.

Katherine R. Hall, P.C., L.L.O., for appellee.

IRWIN, PIRTLE, and RIEDMANN, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Melinda K. Hays, now known as Melinda K. Hill (Melinda), appeals from the district court's order declining to modify a decree which dissolved her marriage to Bradley J. Hays (Bradley). On appeal, Melinda challenges the district court's decision not to reduce her child support obligation. We find no merit to Melinda's assertions, and we affirm.

## II. BACKGROUND

The marriage of Melinda and Bradley was dissolved by order of the district court for Lincoln County on October 23, 2001. In addition to dividing the marital estate, the court awarded custody of the couple's two children to Melinda and ordered Bradley to pay child support in the

- 1 -

sum of $713 per month. At the time of the dissolution, Melinda earned $2,048 per month and Bradley earned $2,821 per month.

Bradley filed a complaint to modify the dissolution decree on September 10, 2012. In support of Bradley's complaint to modify, Bradley and Melinda filed a joint stipulation stating that due to a material change in circumstances, it was in the best interests of the children that Bradley have custody. The stipulation stated that Melinda's monthly income was $3,963.71 and Bradley's was $4,172.93. The court granted custody of the two children to Bradley and ordered Melinda to pay $663 per month in child support. Starting in June 2013, Melinda's monthly child support obligation was increased to $763 pursuant to a second stipulation of the parties.

On June 28, 2014, Melinda filed a complaint to modify her child support obligation, contending her employment had been substantially reduced. Melinda's complaint went on to state that Melinda had lost her nursing job due to an addiction. At the time of the filing, Melinda was in long-term treatment for her addiction and was working 25 hours a week at minimum wage. Melinda's nursing license had been suspended. Melinda attached an affidavit averring her monthly income to be $785.

Bradley's answer to Melinda's complaint to modify child support noted that Melinda was delinquent in her child support obligation and in arrears in excess of $10,000. Bradley asked the court to find that Melinda came to court with unclean hands and that she should be denied a modification of child support.

The court held a hearing on Melinda's complaint to modify. At the hearing, Melinda testified that she became addicted to prescription drugs in 2011. Melinda testified that it was around the same time she began using drugs that she became delinquent in her child support obligation. According to Melinda, she had been fired from her nursing job at a hospital in North Platte in November 2012 for testing positive for amphetamines and benzodiazepines during a random drug screen. Melinda testified she had undergone several different treatment programs and held intermittent nursing jobs up until July 2014. Melinda testified that her nursing license had been suspended in mid-July 2014 due to her drug use and addiction. According to Melinda, at the time of the hearing, she worked as an office assistant making $12 an hour.

With respect to her potential future income, Melinda testified that she had filed a petition to reinstate her nursing license, but did not know whether or when it would be granted. Melinda testified that even if her license were to be reinstated, she was not sure if she would choose to work as a nurse again because a nursing job might tempt her to relapse. She considered her current office job to be a safe working environment because there were no medications around. Melinda testified that at the time of the hearing, she was sober.

On cross-examination, Melinda admitted that she was aware of nursing regulations and hospital rules prohibiting her from consuming drugs without a prescription. Melinda also testified that her nursing training included education on the addictive properties of drugs. Melinda conceded that the loss of her nursing job was the result of her own actions, as was the suspension of her nursing license. On redirect, Melinda testified that she had been unable to control her addiction, even as it started to interfere with her job.

Bradley also testified at the modification hearing. Bradley testified that he worked at Community Hospital in McCook, Nebraska, earning $85,280 per year. Bradley testified that he

struggled to provide for the children's expenses and that a reduction in Melinda's child support obligation would seriously impair the needs of the children.

The court issued an order denying Melinda's complaint to modify child support. The court found that Melinda "does not come into this Court with clean hands." The court also held that Melinda "lost her employment due to her own fault or voluntary wastage or dissipation of her talent as a registered nurse" by taking drugs without a prescription. The court also ordered Melinda to pay costs and $1,000 of Bradley's attorney fees.

Melinda appeals from the district court's order.

## III. ASSIGNMENTS OF ERROR

Restated and renumbered, Melinda asserts the district court erred (1) in determining that Melinda was not entitled to a reduction in her child support obligation and (2) in assessing attorney fees and costs against Melinda.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

An appellate court reviews proceedings for modification of child support de novo on the record and will affirm the judgment of the trial court absent an abuse of discretion. *Schwarz v. Schwarz*, 289 Neb. 960, 857 N.W.2d 802 (2015).

A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through the judicial system. *Dormann v. Dormann*, 8 Neb. App. 1049, 606 N.W.2d 837 (2000).

### 2. PREMATURE FILING

As an initial matter, Bradley contends that Melinda's complaint to modify should have been denied because it was premature. Bradley's assertion is without merit.

We note that Bradley does not cross-appeal on this issue and that a premature filing was not the basis on which the district court disposed of Melinda's complaint. Nevertheless, for the sake of completeness, we address Bradley's contention that Melinda's filing was untimely. Bradley argues that Melinda did not prove that the change in her financial circumstances had lasted three months and was reasonably expected to last an additional six months in accordance with Neb. Ct. R. § 4-217.

The section of the Nebraska Child Support Guidelines to which Bradley cites provides:

> Application of the child support guidelines which would result in a variation by 10 percent or more, but not less than $25, upward or downward, of the current child support obligation, child care obligation, or health care obligation, due to financial circumstances which have lasted 3 months and can reasonably be expected to last for an additional 6 months, establishes a rebuttable presumption of a material change of circumstances.

Neb. Ct. R. § 4-217.

We recently referred to § 4-217 as "a provision that attempts to provide more predictability in determining the existence of a material change in circumstances" by allowing for a rebuttable presumption where certain requirements are satisfied. *Collins v. Collins*, 19 Neb. App. 529, 534, 808 N.W.2d 905, 910 (2012).

It is apparent from the language of the rule and our recent discussion of it in *Collins* that § 4-217 is not a prerequisite to the filing of a modification action, but rather one means by which a petitioner can establish that a material change in circumstances has occurred. Even assuming that Melinda did not demonstrate that the change in her financial circumstances had lasted three months and could be reasonably expected to last an additional six months, this would not be a bar to her filing a complaint to modify nor would it be reason for us to dismiss her appeal. Bradley's assertion to the contrary is without merit.

### 3. REFUSAL TO MODIFY CHILD SUPPORT

Melinda argues that the district court erred when it held that she was not entitled to a reduction in her child support obligation. Melinda argues that the district court erred when it determined she came to court with unclean hands, that the change in Melinda's financial condition was due to her fault or voluntary wastage or dissipation of her talents and assets, and that the principles of equity and fairness weighed against a modification of her child support obligation. The court correctly determined that Melinda lost her job due to her own wrongdoing, namely her drug use. Melinda's assignment of error is without merit.

The Nebraska Supreme Court has held that when a party requesting a modification of alimony has experienced a reduction in income due to his or her own wrongdoing, that party is not entitled to have the request for modification granted. *Pope v. Pope*, 251 Neb. 773, 559 N.W.2d 192 (1997). In *Pope*, the former husband was terminated from his job for sleeping at his desk. *Id.* The husband moved to modify his alimony obligation, arguing he had experienced a material and substantial change in his financial circumstances. *Id.* The Supreme Court determined that the husband "did not demonstrate good cause justifying the termination of alimony because he was fired from his former employment due to his own wrongdoing." *Id.* at 776, 559 N.W.2d at 195. The court noted that while a decrease in earnings could sometimes be a ground for modification, a modification will be denied "if the change in financial condition is due to the fault or voluntary wastage or dissipation of one's talents and assets." *Id.* at 777, 559 N.W.2d at 195 (quoting *Noddin v. Noddin*, 123 N.H. 73, 76, 455 A.2d 1051, 1053 (1983)).

We have applied this principle in other factual scenarios as well. For example, in *Lambert v. Lambert*, 9 Neb. App. 661, 617 N.W.2d 645 (2000), the former husband resigned from his job after failing a random drug test. *Id.* We determined that he was not entitled to a reduction in either his alimony or his child support obligations. See *id.* We called the situation "much more clear cut" than *Pope* because the husband "chose to use marijuana . . . knowing that it would put his livelihood in jeopardy and knowing that losing his job would affect his ability to meet his court-ordered financial obligations." *Id.* at 668, 617 N.W.2d at 650; see, also, *Murphy v. Murphy*, 17 Neb. App. 279, 759 N.W.2d 710 (2008) (holding that the former husband was not entitled to a modification of alimony and child support where the reduction in his income was due to his own conduct, namely being fired from his job as a sheriff's deputy for improperly discharging his service gun, possessing narcotics, damaging a cruiser, and reporting late to work, among other

violations); *Grahovac v. Grahovac*, 12 Neb. App. 585, 680 N.W.2d 616 (2004) (denying a modification of alimony where the former husband's reduction in income was due to his refusal to secure effective treatment for his alcoholism).

The case at hand is analogous to those set forth above. Melinda engaged in drug use with the knowledge that it was illegal and against the policies of her employer. She was also aware that she was court-ordered to pay child support and that losing her job due to drug use would impair her ability to pay. See *Lambert*, *supra*. The change in Melinda's financial condition was due to her fault or voluntary wastage or dissipation of her talents and assets. See *Pope*, *supra*. Because Melinda's loss of her nursing job and license was due to her own wrongdoing, she is not entitled to a modification of her child support obligation. See *id.*

Melinda asks us to ignore the case law discussed above and hold that a reduction in income due to drug addiction can be the basis for a modification of child support. Melinda notes a recent change in the statutes governing child support to support her argument. Historically, Nebraska courts have held that incarceration due to a criminal act constituted a willful act that prevented the incarcerated individual from seeking a modification of child support. See *Ohler v. Ohler*, 220 Neb. 272, 369 N.W.2d 615 (1985) (stating that an incarcerated individual comes to court with unclean hands and consequently is not entitled to a modification of child support), *superseded by statute as stated in State v. Porter*, 259 Neb. 366, 610 N.W.2d 23 (2000). However, in 2007, the legislature amended the law in order to create an exception for incarcerated individuals. 2007 Neb. Laws, L.B. 554, § 42. The relevant statute indicates that a child support order can be modified unless a reduction in income is voluntary. Neb. Rev. Stat. § 43-512.15 (Cum. Supp. 2014). The language added by the 2007 amendment then goes on to state:

> For purposes of this section, a person who has been incarcerated for a period of one year or more in a county or city jail or a federal or state correctional facility shall be considered to have an involuntary reduction of income unless (i) the incarceration is a result of a conviction for criminal nonsupport . . . , (ii) the incarcerated individual has a documented record of willfully failing or neglecting to provide proper support which he or she knew or reasonably should have known he or she was legally obligated to provide when he or she had sufficient resources to provide such support, or (iii) the incarceration is a result of a conviction for a crime in which the child who is the subject of the child support order was victimized[.]

*Id*.

Melinda argues that, like incarceration, her addiction to prescription medications is also involuntary and should therefore not prevent her from seeking a modification of her child support obligation. While we understand the logic of Melinda's argument, the plain language of the legislature's exception pertains only to incarcerated individuals, not addicts. See *Spady v. Spady*, 284 Neb. 885, 824 N.W.2d 366 (2012) (stating that statutory language is to be given its plain and ordinary meaning). The cases discussed above holding that drug use resulting in a reduction in income cannot serve as the basis for a modification remain good law. See, e.g., *Lambert*, *supra*. We decline to overrule this line of cases in the absence of clear legislative intent to do so.

Having determined that Melinda was not entitled to a reduction in her child support obligation due to having lost her job as the result of her own wrongdoing, we need not address

Melinda's remaining arguments regarding the court's application of equitable principles. The district court did not abuse its discretion in denying Melinda's complaint to modify her child support obligation.

## 4. COSTS AND ATTORNEY FEES

Lastly, Melinda argues that the district court erred in ordering her to pay costs and attorney fees. We find this assignment of error to be without merit.

First, we note that while Melinda assigns the award of costs and attorney fees as an error, she makes no substantive argument to support her assignment of error aside from repeating the assignment in the heading and stating that she "submits this for the court's review and consideration." Brief for appellant at 27. Alleged errors must be both specifically assigned and specifically argued in order to be considered by an appellate court. See *Olson v. Olson*, 13 Neb. App. 365, 693 N.W.2d 572 (2005). Although Melinda has arguably failed to specifically argue this assignment of error, for the sake of completeness, we address it.

A district court's award or denial of attorney fees in a proceeding to modify a divorce decree will be upheld absent an abuse of discretion. *Hartman v. Hartman*, 261 Neb. 359, 622 N.W.2d 871 (2001). Customarily in dissolution cases, attorney fees and costs are awarded only to prevailing parties or assessed against those who file frivolous suits. *Noonan v. Noonan*, 261 Neb. 552, 624 N.W.2d 314 (2001).

In this case, we cannot say that the district court abused its discretion in awarding costs and attorney fees to Bradley, the prevailing party. See *id.*

## V. CONCLUSION

We conclude that the district court did not abuse its discretion in denying Melinda's complaint to modify her child support obligation or in ordering Melinda to pay costs and attorney fees. We affirm.

AFFIRMED.